Domenico Ferrari, Respondent, *v.* Northwestern National Insurance Company of Milwaukee, Wisconsin, Appellant.

Domenico Ferrari, Respondent, *v.* Citizens Insurance Company of Missouri, Appellant.

Per Curiam. It is the contention of the defendants that the actions were prematurely brought because an appraisal as provided for by the terms of the New York standard fire insurance policy had not been had at the time the actions were instituted. There is no doubt that such right to an appraisal may be waived, even after demand for an appraisal has been made. However, in view of the provision of the standard policy, " nor shall any provision or condition of this policy or any forfeiture be held to be waived by any requirement, act or proceeding on the part of this Company relating to appraisal or to any examination herein provided for," the demand for an examination of the insured and the holding of such examination does not establish a waiver of the right to an appraisal as bearing upon the defendants' contention mentioned above, or permit the jury to predicate a waiver thereon. The instruction to the jury to the contrary was error, and, an exception thereto having been duly taken, requires a reversal of the judgment in each case. All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ. In each case: Judgment and order reversed on the law and a new trial granted, with costs to appellant to abide the event.

In the Matter of the Estate of William H. Owen, Deceased.
Joseph Weilhamer, Appellant.

Per Curiam. We think there was enough in the evidence offered on behalf of claimant to make a *prima facie* case showing an implied contract. The order of the Surrogate's Court should, therefore, be reversed on the law and facts and the matter remitted for a new hearing. Since the question was not raised, we express no opinion as to whether the provisions of article 12-A of the Real Property Law relating to real estate brokers are applicable to claimant. All concur. Present — Hubbs, P. J., Sears, Crouch, Taylor and Sawyer, JJ. Decree reversed on the law and facts and matter remitted to the Surrogate's Court for a new hearing, with costs to appellant to abide event.